# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| WALTER RODRIGO I. M., | Case No. 26-cv-698 (LMP/ECW) |
| Petitioner, | |
| v. | **ORDER** |
| KRISTI NOEM, *Secretary, U.S. Department of Homeland Security*; TODD M. LYONS, *Acting Director of Immigration and Customs Enforcement*; DAVID EASTERWOOD, *Acting Director of Enforcement and Removal Operations, St. Paul Field Office*; PAMELA BONDI, *U.S. Attorney General*; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW; WARDEN, ERO ICE DETENTION, FT. SNELLING, MINNESOTA, | |
| Respondents. | |

Khanh Ngoc Nguyen, **Khanh Nguyen Law Office, Minneapolis MN**, for Petitioner.

Matthew Isihara, **United States Attorney's Office, Minneapolis, MN**, for Respondents.

Petitioner Walter Rodrigo I. M. is a citizen of Ecuador who is currently detained by the United States Immigration and Customs Enforcement. ECF No. 1 ¶ 25. On January 27, 2026, Walter Rodrigo I. M. filed this habeas petition asserting that Respondents (the "Government") have detained him pursuant to the mandatory detention provisions of 8 U.S.C. § 1225(b)(2). *See id.* ¶¶ 46–49. Walter Rodrigo I. M. contends that he is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) but instead is entitled to a bond hearing under 8 U.S.C. § 1226(a). *See id.* ¶ 14. The Court ordered the Government to

answer the petition no later than January 30, 2026, and enjoined the Government from moving Walter Rodrigo I. M. during the pendency of his petition. *See generally* ECF No. 4.

January 30, 2026, came and went with no response from the Government. On February 2, 2026, counsel for Walter Rodrigo I. M. informed the Court that Walter Rodrigo I. M. had been moved out of Minnesota on January 28, 2026, and pointed out that the Government had missed its deadline to respond. ECF No. 6. Walter Rodrigo I. M. accordingly asked the Court to grant the petition and order his immediate release. *Id.* Hours later, the Government sent a notice to the Court stating that "[c]ounsel has been notified by ICE that Petitioner is currently located in Minnesota" and that "[c]ounsel apologizes for any delay in providing the Court with notice." ECF No. 7. But the Government made no mention of the fact that it had missed its deadline to respond to the petition.

To confirm, on February 3, 2026, the Court used ICE's Online Detainee Locator System and learned that Walter Rodrigo I. M. was no longer listed in ICE custody. The Court presumed—given the Government's notice and the information reflected in ICE's online database—that Walter Rodrigo I. M. had been released. Accordingly, the Court ordered the Government to provide a status update confirming that Walter Rodrigo I. M. was in Minnesota and informing the Court about Walter Rodrigo I. M.'s status and whether he had been released from custody. ECF No. 8.

But it turns out none of what the Government had told the Court was true. On February 3, 2026, the Government filed an untimely response to Walter Rodrigo I. M.'s petition and informed the Court that Walter Rodrigo I. M. was not in Minnesota as it had

2

previously represented to the Court, but that he was instead "currently en route" from Texas to Minnesota. ECF No. 9 at 1. And the Government then provided a response on the merits of the petition without acknowledging that it had completely missed its January 30, 2026 deadline to respond. ECF No. 4.

The merits issues presented by the petition, and the Government's response, are not new to this Court. Indeed, the Court has repeatedly ruled that similarly situated petitioners are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) but instead are eligible for bond under 8 U.S.C. § 1226(a). *See Roberto M. F. v. Olson*, No. 25-cv-4456 (LMP/ECW), 2025 WL 3524455, at *4 (D. Minn. Dec. 9, 2025); *Victor Hugo D. P. v. Olson*, No. 25-cv-4593 (LMP/DTS), 2025 WL 3688074, at *2–3 (D. Minn. Dec. 19, 2025). Accordingly, the Court adopts the same reasoning here and concludes that Walter Rodrigo I. M. is entitled to a bond hearing under Section 1226(a) and will grant the petition.

Ordinarily, as a remedy, the Court requires the Government to provide similarly situated individuals a bond hearing within seven days. Indeed, had the Government timely responded on January 30, 2026, the Court would have ordered the Government to provide Walter Rodrigo I. M. a bond hearing by February 6, 2026. But because the Government responded four days late it would be unfair to Walter Rodrigo I. M. to provide the Government seven days from the date of today's order to provide him with a bond hearing. As a result, to rectify the Government's late filing, the Court orders that the Government provide Walter Rodrigo I. M. the required bond hearing by February 6, 2026. If the Government does not do so, Walter Rodrigo I. M. must immediately released.

3

**ORDER**

Accordingly, based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT:**

1. Walter Rodrigo I. M.'s Petition for a Writ of Habeas Corpus (ECF No. 1) is **GRANTED** as follows:

    a. The Court **DECLARES** that Walter Rodrigo I. M. is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead subject to detention, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226.

    b. The Government is **ORDERED** to provide Walter Rodrigo I. M. with a bond hearing under 8 U.S.C. § 1226(a) on the merits of his release no later than February 6, 2026.

    c. If the Government does not provide Walter Rodrigo I. M. with a bond hearing by February 6, 2026, as required by this Order, the Government is **ORDERED** to release Walter Rodrigo I. M. from detention immediately.

    d. No later than February 7, 2026, at 2:00 p.m., the Government is **ORDERED** to provide the Court with a status update concerning the results of any bond hearing conducted pursuant to this Order, or if no

bond hearing was held, advise the Court regarding Walter Rodrigo I. M.'s release.[1]

Dated: February 3, 2026             *s/Laura M. Provinzino*
                                    Laura M. Provinzino
                                    United States District Judge

---

[1]     Walter Rodrigo I. M. sought several other forms of relief in his habeas petition. To the extent that Walter Rodrigo I. M. seeks immediate release from custody, ECF No. 1 at 12, that request is denied. *See Roberto M. F.*, 2025 WL 3524455, at *5.

5